United States District Court

Western District of Texas: Pecos

Pecos Division

FILED

FEB 18 2020

[CLERK U.S.] DISTRICT COURT
[WESTERN DISTRICT] OF TEXAS
BY _____ DEPUTY

Rubin Sanchez
    Petitioner

vs

Cause No: PE:19-cv-00061-DC.

Lorie Davis: Director
    Respondent

Petitioner
Motion in Response and Objections

comes before the Western District Court of Appeals in Support petitioner Response under local Court Rule CV-7(e) and complies to the 14 days time limitation and will enter in contention(s).

    Pursuant to 28 U.S.C's 2254. Petitioner claims an evidence hearing and will show cause and proof that will oppose the Director's claims. Pursuant to Rules Governing 2254 case rule 11. 5,6,8 in conjuction. Pursuant 28 U.S.C. 636 Rule. Petitioner seeks an En Banc Hearing and ask the Court to resume the claims that he raised on S.H.C.R. No: 87-956-02.

    The State in its Response, Writ Judge never issued designated orders to SH.CR No: 87-956-TR CT No: 3493-112-CR... Claims of one trial Court decision to joint all of the alleged offenses serves to undermind Petitioner's Right to Due Process, forcing the Jury to make an ambiguous determination as to the guilt of this Petitioner.

    A manifest predjudicial error exist. See - <u>Nichols</u> vs <u>Sullivan</u> 867 F 2d 1250. Evidence has been pro-offered and the Writ Court neglected it and turned its interest away. State's Attorney's own ommission is violative. State Attorney would be wrong under Facts to Law to make such statements before a jury. It violates the Petitioner's right to Due Process of Law. 5th Amend - 6th Amend and Confrontation 14th Amendments. See - Bess 593

F 3d-249... Petterson 434-U.S. 197. Compelling prejudice 169 F 3d 526 - A Reversal of the Texas Court of Criminal Appeals judgement order of 7-17-19. White Card [Order]... See- United States vs MacDonald. Watson 933 F 2d-35... Yate vs Evatt - 500 U.S. 391, 408.

The Writ Court deprived Petitioner's right to a fair claim of Ineffective Assistance of Counsel. This alone warranted an application of Statutory Law Art. 11-07 §3 (d). Exparte Perez 348 SW 3d. 206, 210 (Tex Crim App 2013). Where such claims effects the jury, Counsel professional conduct under (ABA) is required. See - Hobson - Back vs White... Roe vs Flores Ortega 120 S-CT-1029 (2000)... Strickland vs Washington: the judgement requires Revesal.

Where a claim of Abuse of Discretion; when the Trial Court knowingly knew the State's Attorney used false evidence by means of witness testimony. Brady vs Maryland [Brady Rule 16] - Prosecutor Misconduct. See - Ghahrenaina 332 SW 3d-420... U.S. vs Bess 593 F 3d-749 - U.S.-CA. Const-Amend 14 - violating Petitioner's Due Process Rights. See - Napule vs Illinois - 360 - U.S. 264-69 (1959).

Wherefore, the above objects to the claims - Lorie Davis:Director, sets forth in Her response to Petitioner's 28 U.S.C-2254. Aside from this objection, Petitioner shows that the failure of the Writ Court to Issue designated order under Art. 11.07 3(d) and Art. 1107 3(c).

The State's Pursuant 11-07 3(c) Article effective May 18,2013. (c) - Within 20 days of the expiration of the time in which the State is allowed to answer, it shall be the duty of the Convicting Court to decide whether there are controverted previously unresolved facts material to the legality of the Applicant's confinement... Confinement means confinement for any offense or any collatoral consequence resulting from the conviction that is the basis of the Instant Habeas Corpus. " If the Convicting Court decides that there are no such issues, the Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answer filed, and a certificate reciting the date upon which that finding was made." Quote: Failure of the Court to set within the allowed 20 days shall constitute such a finding. Unquote.

In the instant case SHCR TR CT No: 3493-112 CR... Writ: 89-956-2 [Soptville vs Cain - Mail Bop Rule], was mailed on 3-19-19. The Director alleges State Writ was filed on 3-31-19.

On 7-9-19 Mr. Sanchez submitted motion for leave to file an Original Application for Writ of Madamus and Original Petition compelling the Court to respond to Art. 11.07 3(c) and 3(d). The Court of Texas denied the White Card notice on 7-17-19.

The Convicting Court forwarded Mr. Sanchez WR-89-956-02 to the Texas Court of Criminal Appeals on 6-24-19. The Convicting Court, Judicial District 112, sat on the S.H.C.R. WR-89-956-02 for three months, therefore, defaulted and the finding best to support His claim and all Amended Supplemental claims in His Response and Objection. Henceforth, making the Director's Response premature or non-jurisdictional. Finally, the Director sets on the jurisdiction of the Court of Criminal Appeals and neglets the Writ Court's Default under Article 11.07 3(c) and 3(d) - A.E.D.P.A. supported by Federal Law. Petitioner merita a Certorari Evidentiary Hearing upon Reversal of judgement from the Texas Court of Criminal Appeals on non-jurisdictional. [set aside] Director Lorie Davis' recommendation further more orders Pecos County Court, Judicial District 112, to respond to a default under Art. 1107 3(c) and 3(d) A.E.D.P.A. - and 28 U.S.C. 124 (d) and 28 U.S.C. 2244 A.E.D.P.A. - Time limitations.

## Conclusion

Therefore, this Court can grant Habeas Corpus relief where proof lays that because of the Convicting State Court Default which conflicts with clearly established Federal Law as determined by the Supreme Court, which are based on an unreasonable neglect of Statutory Law which enfringed the determination to the facts of all evidence. 28 U.S.C. 2254 (d). Accordingly, Mr. Sanchez is entitled to relief to the foresaid Richter, 131 S-CT at 786; 28 U.S.C. 2254 (d) and 28 U.S.C. 2254.

Executed: 2-13 2020

Respectively Submitted

*Rubin Sanchez*
2055205 Pro-SE

## Certificate of Service

I do, hereby certify, that a true and correct copy of the foregoing pleading is served by placing same in the United States Mail, Postage Pre-Paid on _13_ day of _Feb_ 2020. Address to the Party of Interest: Sarah M. Harp - Assistant Attorney General - P.O. BOX 12548 - Capitol Station, Austin, Texas, 78711.

Executed on:

_2-13_ 2020

Respectivelt Submitted

_Rubin Sanchez_
2055205 Pro. SE

Ruben Sanchez #2055205
Smith Unit Fcb-C-1-15-B
1313 County Rd 19
Lamesa, Texas 79331

RECEIVED
FEB 18 RCV'D

CLERK U.S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

Clerk Jucius J. Benton III U.S District Klerk
United States District Court for the Western
District of Texas - New Division
510 South Cedar
Pecos, Texas 79772

79772-320299

SCREENED BY CSO
FEB 18 2023